UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMIE W.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C22-5668-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in discounting Plaintiff's subjective allegations, in failing to account for Plaintiff's need for a cane in the residual functional capacity ("RFC") assessment, and in assessing certain medical opinions. (Dkt. # 10 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

Plaintiff was born in 1981, has one year of college education and training as a laboratory phlebotomist, and has worked as a hospital lab assistant, certified nurse's assistant, waitress,

ORDER - 1

1    auction assistant, health aide, and fast-food worker. AR at 873, 889-97. Plaintiff was last
2    gainfully employed in August 2016. *Id.* at 874.
3        In February 2019, Plaintiff applied for benefits, alleging disability as of July 1, 2016. AR
4    at 853-61. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff
5    requested a hearing. *Id.* at 764-67, 770-80. After the ALJ conducted a hearing in May 2021 (*id.*
6    at 659-92), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 617-35.
7        As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the
8    Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the
9    Commissioner to this Court. (Dkt. # 1.)

10                    **III.   LEGAL STANDARDS**

11       Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social
12   security benefits when the ALJ's findings are based on legal error or not supported by substantial
13   evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a
14   general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the
15   ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)
16   (cited sources omitted). The Court looks to "the record as a whole to determine whether the error
17   alters the outcome of the case." *Id*.
18       "Substantial evidence" is more than a scintilla, less than a preponderance, and is such
19   relevant evidence as a reasonable mind might accept as adequate to support a conclusion.
20   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th
21   Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical
22   testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d
23   1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

ORDER - 2

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Erred in Discounting Plaintiff's Testimony

The rejection of a claimant's subjective symptom testimony requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). In this case, the ALJ summarized Plaintiff's testimony and then summarized the medical evidence that supported the residual functional capacity assessment. AR at 624-29.

Citations to the medical evidence that supports an RFC assessment do not constitute reasons to discount a claimant's testimony and do not provide a judicially reviewable rationale. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493-94 (9th Cir. 2015) (ALJ failed to provide specific reasons allowing for meaningful review where "she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination."). To the extent that the ALJ finding that "the record does not support additional limitations" beyond those referenced in the RFC (AR at 627) could arguably constitute a reason to discount Plaintiff's allegations, such reasoning cannot *alone* support an ALJ's discounting of a claimant's testimony. *See, e.g.*, *Valdez v. Berryhill*, 746 F. App'x 676, 677 (9th Cir. Aug. 17, 2018) (noting that an "ALJ may properly include lack of supporting medical evidence in the reasons to discredit claimant testimony as long as it is not the only reason").

Accordingly, this case must be remanded for the ALJ to reconsider Plaintiff's allegations and either credit them, or provide legally sufficient reasons to discount them.

### B. The ALJ Erred in Assessing Plaintiff's Need for a Cane

As referenced *supra*, in purporting to assess Plaintiff's allegations, the ALJ found that the record did not show that Plaintiff required more limitations than those found in the RFC assessment, and specifically did not require the use of an assistive device. AR at 627. The ALJ acknowledged Plaintiff's testimony that she used a cane, but found that "there is no indication that [her] use of an assistive device is medically necessary." *Id*. at 624, 627. The ALJ cited several treatment notes referencing Plaintiff's normal gait and ability to walk independently and found that this evidence shows that Plaintiff did not require a cane for ambulation. *Id*. at 627. After the ALJ's decision was issued, Plaintiff asked a treating provider to complete a form opinion describing the situations in which she requires a cane for ambulation, and he indicated that she required the cane for any prolonged standing or walking as early as 2016. *See id*. at 454-55.

Although Plaintiff suggests that the prescription for her cane established that it should have been accommodated in the RFC assessment (dkt. # 10 at 11), Plaintiff fails to account for the entirety of the ALJ's reasoning. The ALJ's finding did not, as claimed by Plaintiff (*id*.), rest on a lack of prescription. The ALJ in fact acknowledged that Plaintiff requested a copy of her cane prescription in September 2020. *See* AR at 627 (citing *id*. at 1659). The ALJ reasoned, however, that because the record indicated that Plaintiff could generally walk independently with a normal gait, a cane was not medically necessary. *See id*. at 627 (citing *id*. at 1262, 1284, 1424, 1449). Some other treatment notes corroborate the ALJ's interpretation.[1] But, as evident even

---

[1] *See, e.g.*, AR at 1214, 1219, 1231, 1309, 1614, 1636, 1685.

ORDER - 4

from the ALJ's own summary of the medical evidence (*id.* at 625-27), it does not appear that Plaintiff "generally" presented with normal gait.[2]

It is true that even in those records that reference an abnormal gait, Plaintiff was not described as using an assistive device, with few exceptions (*see, e.g.*, AR at 1376). The cited treatment notes do not therefore necessarily corroborate Plaintiff's testimony that she requires a cane whenever she leaves her home (*id.* at 680), yet the ALJ overstated Plaintiff's walking abilities when finding that she "generally" walked independently with a normal gait and station. The record is more equivocal than the ALJ's finding admits, and the ALJ does not explain why he credits the relatively few findings of normal gait over the plethora of notes describing abnormal gait. The ALJ's characterization of the record is not supported by substantial evidence and requires reconsideration on remand. *See Reddick v. Chater*, 157 F.3d 715,722-23 (9th Cir. 1998) ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record. We conclude that his approach and conclusions do not fully account for the nature of CFS and its symptoms."). Further proceedings would serve the useful purpose of allowing the ALJ to address the entirety

---

[2] *See, e.g.*, AR at 1095 (Plaintiff "walks tentatively" due to pain), 1251 ("[m]ildly antalgic gait intermittently"), 1255 (same), 1272 (Plaintiff reports to examining psychologist that she uses "a cane when needed"), 1326 (Plaintiff limping), 1334 (same), 1341 (same), 1348 (same), 1371 ("antalgic and hunched gait"), 1376 (provider notes Plaintiff has "severely unsteady gait" and uses assistive device), 1403 ("severely antalgic gait"), 1407 ("antalgic and hunched gait"), 1442 ("[m]ild limp without the use of an assistive device"), 1456 ("wide based gait"), 1468 (same), 1496 (mild limp), 1501 (same), 1598 ("impaired gait"), 1715 (abnormal gait), 1783 (abnormal gait with "mild left antalgia").

ORDER - 5

of the evidence as to Plaintiff's walking abilities, in assessing whether and under what circumstances Plaintiff requires an assistive device for ambulation.[3]

C. **The ALJ Did Not Err in Assessing the Medical Opinions**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

With these principles in mind, the Court turns to consider Plaintiff's challenges to the ALJ's assessment of certain medical opinions.

1. *The ALJ Did Not Err in Assessing the Examining Psychologists' Opinions*

Plaintiff underwent psychological examinations in May 2019, July 2019, and April 2021. *See* AR at 1272-75, 1319-23, 1765-69. The examiners identified disabling limitations as to concentration, cognition, problem-solving, persistence, adaptation, and behavior. *Id*. The ALJ found that, although the psychologists had the opportunity to examine Plaintiff, their opinions were unpersuasive because their conclusions were inconsistent with the record, which shows that Plaintiff received routine mental health treatment and many of her mental status examination findings were normal. *See id*. at 631-32.

Plaintiff contends that the ALJ erred in focusing on mental status examination findings because the entirety of her treatment notes describes severe symptoms of overwhelm, depression,

---

[3] Although Plaintiff requests a remand for a finding of disability in the alternative (dkt. # 10 at 14), the Court finds this remedy inappropriate because there are outstanding issues that require resolution on remand. *See Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017) ("When there are outstanding issues that must be resolved before a determination can be made, or if further administrative proceedings would be useful, a remand is necessary.").

ORDER - 6

poor sleep and appetite, and that she had problems communicating and remembering. (Dkt. # 10 at 8 (citing AR at 1804).) Plaintiff indeed self-reported these problems in the intake treatment note she cites, but the provider nonetheless found on that occasion that Plaintiff's memory, thought content, attention, and concentration were normal. *See* AR at 1802-03. The ALJ did not err in focusing on whether the objective medical evidence is consistent with the medical opinions, and Plaintiff does not dispute that the examiners' conclusions were inconsistent with the objective findings. Because the ALJ's consistency finding is supported by substantial evidence, namely the mental status examination findings, Plaintiff has not shown that the ALJ erred in finding the opinions to be inconsistent with evidence in the record or in discounting the opinions on that basis.

        2.      *The ALJ Did Not Err in Assessing the Treating Provider's Opinion as to Plaintiff's Physical Limitations*

In September 2020, Plaintiff's primary care provider, James Stauffer, PA-C, completed a form opinion describing Plaintiff's limitations. AR at 1413-15. Mr. Stauffer opined that Plaintiff would, *inter alia*, miss three days of work per month, would be off-task 20% of the time, required an assistive device, needed three to four extra 10-15-minute breaks per day, needed to alternate between sitting and standing at will, and needed to walk around every 10 minutes for five minutes at a time. *Id*.

The ALJ found this opinion unpersuasive, noting that although it was supported by Mr. Stauffer's treatment of Plaintiff, it was inconsistent with the record, specifically notes showing Plaintiff's ability to walk normally without an assistive device, her comfort with sitting, and her normal leg range of motion. AR at 631. Plaintiff suggests that the ALJ erred in finding that Mr. Stauffer's opinion was supported by his treatment notes, but then citing Mr. Stauffer's treatment notes as inconsistent with his conclusions. (Dkt. # 10 at 10.)

ORDER - 7

The Court finds that Plaintiff's argument depends on a misreading of the ALJ's findings. The ALJ acknowledged that Mr. Stauffer's opinion was "supported by [his] treatment of [Plaintiff]," but the ALJ did not find that his treatment *notes* supported his conclusions. AR at 631. In this sentence, the ALJ acknowledged that Mr. Stauffer treated Plaintiff and that the treatment relationship informed his opinion of Plaintiff's limitations. But the ALJ went on to cite treatment notes, many of which were written by Mr. Stauffer, that describe Plaintiff to be less limited than Mr. Stauffer described in his opinion. To the extent that the ALJ found Mr. Stauffer's opinion to be inconsistent with his own notes, this goes to the supportability of Mr. Stauffer's opinion, which is a proper consideration under the applicable regulations. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). To the extent that the ALJ found Mr. Stauffer's opinion to be inconsistent with other evidence in the record, this goes to the consistency of Mr. Stauffer's opinion, which is another proper consideration under the applicable regulations. *See* 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Plaintiff has not shown that the ALJ erred in considering whether Mr. Stauffer's opinion was consistent with his own treatment notes, or with other medical evidence in the record, and thus has failed to identify a harmful legal error in the ALJ's assessment of Mr. Stauffer's opinion.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reconsider Plaintiff's testimony as a whole as well as her alleged need for a cane.

\\

\\

ORDER - 8

Dated this 10th day of April, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 9